IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MARIA DEL ROSARIO RUIZ MUNOZ,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration,

    Defendant.

Case No. 17-CV-168-FHM

**OPINION AND ORDER**

Plaintiff, Maria Del Rosario Ruiz Munoz, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's March 17, 2014, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") James Stewart was held October 28, 2015. By decision dated January 29, 2016, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 2, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 55 years old on the amended onset of disability date and at the time of the ALJ's denial decision. She is a college graduate and formerly worked as a business owner/retail assistant manager, day care worker, and teacher aide. She claims to have been unable to work since the amended onset date of March 24, 2015, as a result of residual effects of thyroid cancer, arthritis, obesity, endometriosis, after effects of gallbladder and ovary surgery, and depression.

## **The ALJ's Decision**

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform light work except for no climbing of ladders, ropes, or scaffolds, no exposure to unprotected heights, open flames, dangerous machinery or equipment or other hazardous conditions. Plaintiff can understand, remember, and carry out simple or intermediate level instructions and perform simple and some tasks of intermediate level difficulty under routine supervision such that she is capable of performing simple or at most semi-skilled work.

She can relate to supervisors and coworkers on a superficial work related basis. [R. 15].

The ALJ found that with her RFC Plaintiff is capable of performing her past relevant work as a Day Care Worker as it is generally performed. In addition, based on the testimony of an independent vocational expert, the ALJ found that Plaintiff acquired the following work skills in her past relevant work: ability to interview and assess clients and their needs, provide appropriate referral source, or to refer a client or customer to appropriate party, computer skills, money handling skills, cashier, supervisory skills, and some reporting skills. [R. 22]. The ALJ found that these skills are transferable to other jobs that exists in significant numbers in the economy. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled, with an alternate step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts: that the ALJ's finding that she can perform her past relevant work as a Day Care Worker is not supported by substantial evidence; that the ALJ did not perform the proper analysis of her past relevant work; and that the ALJ failed to address all of the objections Plaintiff posed to the vocational expert's testimony.

## **Analysis**

### Past Relevant Work as a Day Care Worker

Plaintiff argues that her past relevant work was not as a Day Care Worker, but as a Head Start Teacher where she performed duties in excess of those required of a Day

Care Worker. She asserts that since her past work was wrongly identified, the finding that she can return to that work is error. On the Disability Report, Plaintiff described her past work from November 2007 to January 2010 as "Day Care," wherein she earned $13.60 per hour. [R. 231-238]. On the work history report for the same dates and pay, Plaintiff labeled her job as "teacher," [R. 251], but described her job as follows: "I was working as a Head Strart [sic] teacher in a Day Care Center." [R. 255]. She stated she taught and supervised children. The vocational expert who testified at the hearing characterized Plaintiff's past work as Day Care Worker. After the hearing Plaintiff submitted an opinion by a private vocational expert who expressed several bases of disagreement with the testifying vocational expert, but did not take issue with characterizing Plaintiff's past work as Day Care Worker. [R. 337]. The court finds that the characterization of Plaintiff's past relevant work as a Day Care Worker is supported by substantial evidence.

At step four of the sequential evaluation process the ALJ determines whether a claimant can return to his or her past relevant work. The ALJ must engage in a three-part analysis. *Wells v. Colvin*, 727 F.3d 1061, 1074 (10th Cir.2013). First, the ALJ must evaluate a claimant's physical and mental RFC. Second, the ALJ must determine the physical and mental demands of the claimant's past relevant work. Finally, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations of the RFC. The ALJ must make specific findings as to each part. *Id.* Plaintiff argues that the ALJ did not provide an explanation of the physical and mental demands of her past relevant work, nor was there an explicit comparison between her past work and the RFC.

4

The ALJ's decision does not contain detailed findings about the demands of Plaintiff's past relevant work or an extensive discussion of those demands in comparison with the RFC. However, even if the ALJ's decision at step four is deficient remand is not required because the ALJ made alternative step 5 findings that there are other jobs in the economy that Plaintiff could perform with her limitations. If the step five analysis was performed in accordance with applicable legal standards and is supported by substantial evidence, any possible step four error cannot, by itself, constitute the basis for a remand.

<u>Step Five Findings</u>

Throughout her brief, Plaintiff argues as a basis for reversal that the ALJ erred by failing to adequately address objections her counsel raised in a post-hearing memorandum. The standard of review on appeal is limited to a determination of whether the ALJ's factual findings are supported by substantial evidence and whether the ALJ failed to apply the correct standards or analysis in evaluating the evidence. The court rejects the suggestion that it is required to pour over the ALJ's decision to determine whether each of the objections raised in the post-hearing memorandum were addressed.

In any event, the ALJ noted that the private vocational expert's analysis differed from the analysis performed by the testifying vocational expert. The ALJ stated he did not agree with the private vocational expert's analysis which criticized the use of the Dictionary of Occupational Titles (DOT) and made a distinction between "soft" skills and "hard" skills in assessing the existence of transferable skills. [R. 23-24]. Thus, while the ALJ did not address Plaintiff's post hearing objections in the detail Plaintiff suggests is appropriate, the court finds that the ALJ did not fail to address Plaintiff's objections.

5

Plaintiff also asserts that the ALJ erred because neither the ALJ nor the vocational expert ever explained how Plaintiff's acquired skills would give her a special advantage over unskilled workers for the identified positions. Plaintiff cited *Social Security Ruling* (SSR) 82-41. 1982 WL 31389 as containing this requirement. [Dkt. 13, pp. 10-11].

SSR 82-41 provides that when a finding that Plaintiff has transferable skills is made, the required skills must be identified and the specific occupations to which the work skills are transferable must be cited in the decision. 1982 WL 31389 at *7. The ALJ's decision contains those findings. The ALJ stated skills acquired from Plaintiff's past skilled and semi-skilled work as a case worker, business owner/retail assistant manager, day care worker, and teacher aide were the ability to interview and assess clients and their needs, provide a referral source, refer a client to appropriate party, computer skills, money handling skills, cashier, supervisory skills, and some reporting skills. [R. 22].[2] The court finds that the ALJ's findings are supported by substantial evidence and the findings satisfy the ALJ's obligations under SSR 82-41. Plaintiff's suggestion that the ALJ was required to explain how Plaintiff's acquired skills would give her a special advantage over unskilled

---

[2] SSR 82-41 contains the following as an example of the type of skills that may be readily transferable:
> [A] semiskilled general office clerk (administrative clerk), doing light work, ordinarily is equally proficient in, and spends considerable time doing, typing, filing, tabulating and posting data in record books, preparing invoices and statements, operating adding and calculating machines, etc. These clerical skills may be readily transferable to such semiskilled sedentary occupations as typist, clerk-typist and insurance auditing control clerk.

1982 WL 31389 at *3. Plaintiff identified the general types of things she did in her past work as using machines and tools, using technical knowledge and skills, and writing and completing reports. [R. 235, 254, 255, 256, 257]. As a business owner assistant Plaintiff identified herself as doing more specific things as supervising, doing inventory, and bank deposits. [R. 254]. These things are along the same lines as the examples of skills quoted from SSR 82-41.

workers is an attempt to graft a requirement onto the ALJ's analysis that is not contained in SSR 82-41.

Based on the digits in the DOT code for Plaintiff's past relevant work, Plaintiff seems to argue that her past work was of such a level that transferable skills could not have been required. [Dkt. 13, p. 11]. Plaintiff's position is inconsistent with SSR 00-4p, 2000 WL 2000, which Plaintiff cited in her brief. According to SSR 00-4p, the DOT Specific Vocational Preparation (SVP) designation for a job describes the skill level and corresponds to the skill level definitions contained in the Social Security Regulations, 20 C.F.R. §§ 404.1568, 416.968.

> [U]nskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT.

SSR 00-4-p, 2000 WL 1898704 at *3. The DOT assigned Plaintiff's past work SVP codes of 7, 6, 4, and 3. [R. 22]. According to SSR 00-4p and the relevant regulations, Plaintiff's past work was not of such a low level that transferable skills could not have been acquired.

## **Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 9th day of May, 2018.

_Frank H. McCarthy_
FRANK H. MCCARTHY
UNITED STATES MAGISTRATE JUDGE